(No. 2382—■■■■■■■■■■■)

CHARLES E. McMORRIS, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed June 1, 1935.*

EUGENE L. DAVISON, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The claimant, Charles E. McMorris, was a member of the Board, Division of Normal Schools, Department of Registration and Education, and was acting without compensation other than expenses incurred in the performance of his duties.

It is charged that the claimant had expended the sum of $159.01 during the months of April, May and June, 1933, for traveling and personal expenses incurred while acting in an official capacity as a member as aforesaid. He has tendered an itemized statement of his traveling expenses, together with detailed memorandum for the months above mentioned, for the said sum of $159.01 to the proper department, but the same was returned to him. It appears these expenses were itemized on the dates they were incurred, and it appears from the files of the Director of the Department of Education and Registration that the expense accounts were properly filed in his office. These accounts were approved by the proper officers. This is commonplace of the various Normal School Board of Trustees matter which provide that the trustees shall receive their personal and traveling expenses and the auditor is authorized to issue warrants quarterly upon taking the affidavit as to the actual time employed and their personal and traveling expenses. No dispute arises in this instance as to the facts, and it appears that the only reason the amount was not paid is because the claimant did not present his statement for approval before the appropriation lapsed.

The Attorney General makes no objection, and it has been held by this court that:

"Where an employee or officer of the State incurs expenses for which the State is liable and payment is not made because the statement for same is not presented until the appropriation has lapsed, an award for same will be made."

*Ruediger* vs. *State*, 7 C. C. R. 11;
*Miller* vs. *State*, 7 C. C. R. 251.

We, therefore, recommend an award in the sum of $159.01 in favor of the claimant.